ORAL ARGUMENT NOT YET SCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 12-3111

APPELLANT'S OPENING BRIEF

UNITED STATES OF AMERICA,                    Plaintiff-Appellee,

v.

ROBERT HENRY,                                Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

A.J. KRAMER
Federal Public Defender

TONY AXAM, JR.
Assistant Federal Public Defender
Counsel for Defendant-Appellant
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500
tony_axam@fd.org

District Court
Cr. No. 12-0180 (BAH)

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), defendant-appellant, Robert Henry, hereby states as follows:

### A.    Parties and Amici:

This appeal arises from a criminal conviction of defendant-appellant Robert Henry by plaintiff-appellee, the United States of America.   There are no intervenors or amici.

### B.    Rulings Under Review:

This is an appeal from the district court's (the Honorable Beryl A. Howell), decision at sentencing on December 13, 2012, that the government did not breach the plea agreement in this case when it failed to present the complete nature and circumstances of Mr. Henry's cooperation to the Guidelines Departure Committee of the United States Attorneys Office for the District of Columbia.   12/13/12:48.

### C.    Related Cases:

There are no related cases.   This case has not previously been before this Court.

## TABLE OF CONTENTS

PAGE

CERTIFICATE AS TO PARTIES, RULINGS AND OTHER AUTHORITIES

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . ii

JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . 1

STATUTES AND RULES . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . 2

A.    Nature of the Case, Course of Proceedings,
      and Disposition of the Case Below . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 13

I.    The Government Breached the Plea Agreement By Failing
      To Present The Full Nature and Extent Of Mr. Henry's
      Cooperation To The Departure Committee Of The United
      States Attorney's Office For the District Of Columbia . 13

      A. Standard of Review . . . . . . . . . . . . . . . . . 13

      B.    The Plea Agreement Required the Government To Present
            The Full Nature and Extent of Mr. Henry's Cooperation
            To the Departure Committee . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF LENGTH . . . . . . . . . . . . . . . . . . . . 22

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . 22

## TABLE OF AUTHORITIES

### CASES                                                                   PAGE

*<u>Santobello v. New York</u>,
404 U.S. 257 (1971)  . . . . . . . . . . . . . . . . . . 14, 19

<u>United States v. Doe</u>, 9
34 F.2d 353 (D.C. Cir. 1991) . . . . . . . . . . . . . . . . . 18

<u>United States v. Gary</u>,
291 F.3d 30 (D.C. Cir. 2002) . . . . . . . . . . . . . . . . . 13

<u>United States v. Gottesman</u>,
122 F.3d 150 (2d Cir. 1997)  . . . . . . . . . . . . . . . . . 14

<u>United States v. Hayes</u>,
946 F.2d 230 (3d Cir. 1991)  . . . . . . . . . . . . . . . . . 14

*<u>United States v. Jones</u>,
58 F.3d 688 (D.C. Cir. 1995) . . . . . . . . . . 13, 16, 17, 18

<u>United States v. Randle</u>,
324 F.3d 550 (7th Cir. 2003)  . . . . . . . . . . . . . . . . 14

<u>United States v. Ready</u>,
82 F.3d 551 (2d Cir. 1996) . . . . . . . . . . . . . . . . . 14

<u>United States v. Rexach</u>,
896 F.2d 713  . . . . . . . . . . . . . . . . . . . . . . . . 20

<u>United States v. Sparks</u>,
20 F.3d 476 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . 19

### STATUTES AND GUIDELINES

18 U.S.C. § 2252(a)(5)(B)  . . . . . . . . . . . . . . . 2, 4

18 U.S.C. § 2422(a)  . . . . . . . . . . . . . . . . . . 2, 4

18 U.S.C. § 3553(a)  . . . . . . . . . . . . . . . . 5, 11, 15

18 U.S.C. § 3742(d)  . . . . . . . . . . . . . . . . . . 2, 5

---

*Authorities principally relied upon are marked with an asterisk.

U.S.S.G. § 2G2.2(b)(5) . . . . . . . . . . . . . . . . . . . . . 9

U.S.S.G. § 2G2.2(b)(7)(D) . . . . . . . . . . . . . . . . . . . 9

U.S.S.G. § 5K1.1 . . . . . . . . . . 2, 6, 7, 15, 17, 18, 20, 21

U.S.S.G. § 5K.2 . . . . . . . . . . . . . . . . . . . . . . . . 5

---

*Authorities principally relied upon are marked with an asterisk.

**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 12-3111

UNITED STATES OF AMERICA,                    Plaintiff-Appellee,

v.

ROBERT HENRY,                              Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

### JURISDICTION

The district court had jurisdiction under 18 U.S.C. § 3231.
A timely notice of appeal having been filed on December 14, 2012,
this Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C.
§ 1291.

### STATUTES AND RULES

Pursuant to Rule 28(f), Federal Rules of Appellate
Procedure, and Circuit Rule 28(a)(5), the pertinent statutes and
rules are set forth in the Addendum to this brief.

**ISSUES PRESENTED FOR REVIEW**

I.    Whether the district court erred in failing to find that the government breached its obligation under the plea agreement to present the nature and extent of appellant's cooperation to the Departure Committee of the United States Attorney's Office, which determined whether the government would file a departure motion pursuant to U.S.S.G. § 5K1.1, and alternatively whether the court erred in failing to require the government to inform the court about the information it presented to the Committee and the reasons the Committee decided not to approve the filing of a § 5K1.1. motion?

**STATEMENT OF THE CASE**

**A.    Nature of the Case, Course of Proceedings, and Disposition in the Court Below**

On August 17, 2012, the government filed a two-count Information charging Robert Henry in count 1 with persuading or coercing an individual to travel to engage in sexual activity for which a person can be charged with a criminal offense in violation of 18 U.S.C. § 2422(a) and in count 2 with possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B). Appx. 19.[1]

---

[1]    "Appx." refers to the appendix of appellant, filed with this brief.  Relevant transcripts are contained in the appendix behind tabs marked with the date of the proceeding and cited by that date followed by a colon and then the original page number (e.g., "4/28/08:21").  "PSR" refers to the presentence investigation report, which is available to the Court pursuant

2

On September 7, 2012, Mr. Henry entered a guilty plea to the Information pursuant to a written plea agreement that required his cooperation against other individuals involved in criminal activity.  During the plea colloquy, Mr. Henry indicated that he understood his right to plead not guilty and wished to plead guilty pursuant to the written plea agreement.  9/7/12:8-12.  He also affirmed that he committed the acts identified in counts 1 and 2 of the Information as recited in the written "Statement of Offense" filed with the plea agreement.  9/7/12:15-16.

The "Statement of Offense" recounted that leading up to April 26, 2012, an undercover police officer posing as the father of a 12-year old girl engaged in a series of conversations with Mr. Henry via internet instant messaging, cell phone, and email. Appx. 30.  In those communications, Mr. Henry described his attraction to underage girls and his efforts to come into contact with and meet such girls.  Appx. 31.  Eventually, he and the undercover officer made arrangements for Mr. Henry to engage in sexual activity with the undercover's fictitious 12-year old daughter, who purportedly would travel from Virginia to Washington, D.C. for the rendezvous.  Appx. 31.  When Mr. Henry arrived at the pre-arranged location, he was arrested.  Appx. 32.

---

to33 18 U.S.C. § 3742(d).

3

The "Statement of Offense" indicated that police recovered 5 child pornography videos on Mr. Henry's cell phone.[2]  Appx. 34.

The plea agreement reflected that the charge of persuading or coercing to travel (18 U.S.C. § 2422(a)) carried a maximum sentence of 20 years' imprisonment and a minimum of 5 years' supervised release, and the charge of possession of child pornography (18 U.S.C. § 2252(a)(5)(b)) carried a maximum sentence of 10 years' imprisonment and also a minimum of 5 years' supervised release.  Appx. 15-16.  Furthermore, the plea agreement estimated that under the Guidelines, Mr. Henry was subject to a base offense level of 24 for the persuading or coercing to travel charge, and for the charge of possession of child pornography, he was subject to a base offense level of 18, plus 2 levels because victims were younger than 12 years old, plus 2 levels because images involved sadistic or masochistic acts, and plus 2 levels because of the use of a computer, for a total offense level of 26.  Appx. 17.  Taking into account his acceptance of responsibility, the plea agreement anticipated that Mr. Henry faced an adjusted offense level of 23, wich with a criminal history category of I, corresponded to a guideline range of 46-57 months' imprisonment.  Appx. 17-18.  Although the plea agreement indicated that the parties believed that the estimated

---

[2]      Prior to sentencing, the government indicated that the search of Mr. Henry's cell phone had resulted in the seizure of 10 child pornography videos, not 5.

calculations were "appropriate and accurate," it allowed that "either party may argue at the time of sentencing about the applicability of any specific offense characteristic or adjustment" not referenced in the plea agreement's guideline estimate and that the plea agreement was not binding on the court. Appx. 17. The plea agreement further reflected an appeal waiver through which Mr. Henry "waiv[ed] the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a)." Appx. 20.

At the plea hearing, Mr. Henry stated that he understood that by pleading guilty he was relinquishing his trial rights, and that he was entering into the plea agreement voluntarily and of his own free will with no promises other than those contained in the written plea agreement. 9/7/12:25-26. He indicated that he understood the appeal waiver in his plea agreement. 9/7/12:11. Mr. Henry also expressed that he was "completely" satisfied with his attorney's services. 9/7/12:5.

Prior to sentencing, the government filed a proffer outlining cooperation Mr. Henry had provided in the prosecution

5

of others.  Appx. 136.  Specifically, the government reported

that Mr. Henry had assisted in investigating an unidentified

defendant involved in child pornography in Illinois who was being

prosecuted, but about whom the government had no further

information.  Appx. 136.  The government also reported that Mr.

Henry provided crucial assistance against a second defendant,

identified by name, who was involved in distributing child

pornography.  Appx. 136.  The government detailed Mr. Henry's

cooperation against this individual and explained that he had

recently pled guilty in federal court in the District of

Columbia.  Appx. 136-137.

     The government did not file a motion for downward departure

based on substantial assistance under U.S.S.G. § 5K1.1.  At

sentencing, the government explained that it had declined to file

such a motion on Mr. Henry's behalf because he had been

untruthful when, in a pre-guilty-plea debriefing, he told the

government he had never had any inappropriate "hands-on contact"

with a minor.  12/13/12:37.

     As the PSR reflects, on July 17, 2012, Mr. Henry was

arrested for second degree rape of a minor in Prince George's

County.  PSR ¶ 68.  In a statement Mr. Henry allegedly made to

law enforcement at the time of his arrest, he admitted to having

had unprotected sexual intercourse with the 13-year old victim

whom he had met online.  PSR ¶¶ 22-29.  The government stated

6

that it viewed Mr. Henry's failure to inform it of the conduct underlying this P.G. County charge as a breach of his plea agreement.  12/13/12:39.  For this reason, the government declined to file a motion under USSG § 5K1.1.  12/13/12:38.

Mr. Henry filed a sentencing memorandum detailing his background and history including the drug addiction of his biological mother that led her to place him up for adoption by Robert and Hester Mitchell.  Appx.  50-51.  The memorandum further outlined Mr. Henry's stable home life, consistent work history and noted that he suffered from depression.  Appx. 51. On behalf of Mr. Henry, counsel requested a sentence of 24 months imprisonment.  Appx. 56.

In a supplemental sentencing memorandum, counsel articulated that Mr. Henry's efforts at cooperation merited a departure motion under § 5K1.1 and that during plea negotiations, counsel for the government had indicated that Mr. Henry would receive a § 5K motion.  Appx. 139.  Counsel additionally asserted that the government of had acted in bad faith and breached the plea agreement by not filing a § 5K motion on Mr. Henry's behalf. Appx. 140.  Counsel requested that government summarize the information provided to the Departure Committee and the Committee's reasons for deciding against a § 5K motion.  Appx. 140.  The government did not subsequently provide this information.

7

According to the Presentence Report (PSR), the base offense level for the charge of possession of child pornography was 18, plus 2 levels because the material involved a pre-pubescent minor, plus 4 levels because the material portrayed sadistic or masochistic conduct, plus 5 levels because the defendant engaged in a pattern of activity involving the exploitation of a minor (based upon the P.G. County allegations), plus 2 levels because the offense involved the use of computer, plus 5 levels because the offense involved 600 or more images of child pornography, all for a total offense level of 36.  PSR ¶¶ 35-61.  Subtracting 3 levels based on Mr. Henry's acceptance of responsibility yielded an adjusted offense level of 33, which, when combined with a criminal history category of I, resulted in guideline range of 135 to 168 months' imprisonment.  PSR ¶ 131.

At sentencing, counsel for Mr. Henry indicated that she raised no objection to the facts recited in the PSR and the district court adopted them as its own findings.  12/13/12:4-5.  Mr. Henry did, however, object to the PSR's guideline calculations.  Specifically, Mr. Henry objected that his crimes should be grouped under the Guidelines.  12/13/12:4,13.  The district court overruled the objection, finding that the two crimes to which Mr. Henry pled guilty involved separate acts and separate victims and therefore were not subject to grouping.  12/13/12:14.  Mr. Henry also objected to the addition of 5 levels

8

to his offense level under U.S.S.G. § 2G2.2(b)(5) for a pattern
of activity involving the sexual exploitation of minors.
12/13/12:12.   The district overruled this objection as well,
finding that Mr. Henry's pending sexual assault charge in P.G.
County and his admission in this case that he had previously
exposed himself to a 12-year old girl online, each established a
pattern of activity as contemplated by § 2G2.2(b)(5).
12/13/12:13.

    Although not raised as an objection, Mr. Henry additionally
expressed that at the time he pled guilty, the parties believed
that he was responsible for only 5 videos depicting child
pornography, yet before sentencing, additional images were
discovered on his cell phone, thereby resulting in application of
U.S.S.G. § 2G2.2(b)(7)(D) and an offense level and guideline
range higher than had been anticipated in the plea agreement.
12/13/12:10.

    In addressing Mr. Henry's objections, district court
rejected his argument that the court should disregard the child
pornography guideline provisions altogether because they were
flawed and did not distinguish between producers and end-users of
child pornography or because the ranges were driven by mandatory
minimums set by Congress and not based on any empirical data.
12/13/12:14, 24-25.

9

Of the defense objections to conditions of supervised release, the court ultimately only overruled one, thereby requiring that as part of any mental health treatment, Mr. Henry submit to an invasive procedure called penile plethysmography. 12/13/12:31. The court reasoned that the Probation Office should have wide latitude in treating Mr. Henry for any mental health issues related to his crime and that the plethysmograph did not appear to be any greater deprivation of liberty than necessary. 12/13/12:29-30.

Next, the district court addressed Mr. Henry's cooperation. Mr. Henry argued that the government had breached the plea agreement by failing to provide the complete details of his cooperation to the Departure Committee of the U.S. Attorney's Office. 12/13/12:45-46. The district court indirectly rejected this claim by accepting the government's explanation that it had declined to file a substantial assistance motion on Mr. Henry's behalf because Mr. Henry had been untruthful about his prior sexual contact with minors. 12/13/12:48. The court further ruled that the provision of more information to the Departure Committee would not have affected the government's decision to deny a substantial assistance motion because that decision was instead based on on Mr. Henry's failure to provide truthful information about his prior contact with minors. 12/13/12:48. The court concluded that government's decision not to file a

10

substantial assistance motion was an appropriate exercise of the government's discretion under the plea agreement and was sufficiently based in fact.  12/13/12:48-49.

The defense then addressed factors under 18 U.S.C. § 3553(a) bearing on Mr. Henry's sentence.  Specifically, counsel noted that four recent child pornography cases in this district had resulted in sentences that together averaged 60 months' imprisonment.  12/13/12:51.  Counsel also noted Mr. Henry's strong family support and Mr. Henry's recognition that he needed treatment.  12/13/12:52.  Lastly, counsel argued that many violent offenses result in sentences lower than the recommended Guidelines here, and requested a sentence of no more than 60 months.  12/13/12:52-53.

Mr. Henry also addressed the court, reiterating the arguments of his counsel and adding that he had received his G.E.D. since becoming incarcerated and was attending Bible study. 12/13/12:54. He also asked for leniency so that he could care for his aging parents.  12/13/12:54.

Addressing the § 3553(a) factors, the district court observed that Mr. Henry's crime involved his engagement with a community of pedophiles, which represented a danger to society. 12/13/12:56.  Also, his crime spanned several weeks, during which he solicited child pornography and discussed steps he had taken to act on his interest in young girls including driving to

11

playgrounds, taking pictures of them, and sharing pictures of his
genitalia with a 12-year-old girl over the internet.
12/13/12:56-57.  The court further considered Mr. Henry's sexual
intercourse with a 13-year-old girl in P.G. County, as well as
his agreement with the undercover officer in this case to meet
with a 12-year-old girl to have sex with her.  12/13/12:58.
These considerations led the court to conclude that Mr. Henry's
case warranted a sentence greater than 60 months' imprisonment.
12/13/12:59.

     The court also considered Mr. Henry's cooperation, his
consistent work history, stable home, and strong family support.
12/13/12:60.  It observed that courts often impose sentences
lower than the recommended guideline ranges for child
pornography, but that in the cases that approximated Mr. Henry's,
the average sentence was 123 months' imprisonment.  12/13/12:61.
Taking into account Mr. Henry's pattern of exploiting minors, the
court concluded that the Guidelines sentencing range here was
appropriate and imposed a sentence of 135 months' imprisonment
followed by 10 years' supervised release.  12/13/12:62-63.  The
court imposed special conditions of supervised release, including
restricting Mr. Henry's access to the internet, restricting his
contact with minors, and requiring sex offender treatment
(including plethysmograph exams). 12/13/12:65.  Finally, the
court informed Mr. Henry that he could only appeal his sentence

to the extent that any term of imprisonment was higher than the
statutory maximum for his offense or the court had departed
upward from the applicable guideline range.  12/13/12:69.  Mr.
Henry thereafter filed a timely notice of appeal on December 14,
2012.

ARGUMENT

I.   **The Government Breached the Plea Agreement By Failing To
     Present The Full Nature and Extent Of Mr. Henry's
     Cooperation To The Departure Committee Of The United States
     Attorney's Office For the District Of Columbia**

     A.   **Standard of Review**

Interpretation of the terms of a plea agreement is an issue
of law subject to de novo review.  United States v. Gary, 291
F.3d 30, 33 (D.C. Cir. 2002); United States v. Jones, 58 F.3d
688, 691 (D.C. Cir. 1995).

     B.   **The Plea Agreement Required the Government To Present
          The Full Nature and Extent of Mr. Henry's Cooperation
          To the Departure Committee.**

"[W]hen a plea agreement rests in any significant degree on
a promise or agreement of the prosecutor, so that it can be said
to be part of the inducement or consideration, such promise must
be fulfilled."  Santebello v. New York, 404 U.S. 257, 262 (1971).
In determining whether the government has fulfilled its
obligations under a plea agreement, courts consider: (1) the
terms of the agreement, and the conduct of the government; (2)
whether the conduct of the government violated the plea

13

agreement; and (3) the appropriate remedy for a violation.  See
United States v. Hayes, 946 F.2d 230, 233 (3d Cir. 1991).

       "Plea agreements are contracts, and must be interpreted
according to principles of contract law."  United States v.
Randle, 324 F.3d 550, 558-59 (7th Cir. 2003); see also
Santobello, 404 U.S. at 262.  Furthermore, "[a]s with any
contract in which the drafting party has an overwhelmingly
superior bargaining position, plea agreements are construed
strictly against the government."  United States v. Gottesman, 122
F.3d 150, 152 (2d Cir. 1997) (citing United States v. Ready, 82
F.3d 551, 559 (2d Cir. 1996)).

       Under the terms of Mr. Henry's plea agreement, the
prosecutor failed to satisfy the government's obligation to
provide the complete nature and extent of Mr. Henry's cooperation
to the Departure Committee of the United States Attorney's Office
and therefore was in breach of the plea agreement.

       The plea agreement states:

       Your client understands that the assistance he provides
       to the government, including assistance he provided
       prior to the date of this agreement, will be submitted
       to and considered by the Departure Guideline Committee
       of the United States Attorney's Office for the District
       of Columbia.

Appx. 19.

       The plea agreement also states:

       This Office will inform the Departure Guideline
       Committee of the United States Attorney's Office for
       the District of Columbia about the nature and extent of

14

your client's cooperation. If the Departure Guideline
Committee of the United States Attorney's Office for
the District of Columbia, after evaluating the full
nature and extent of your client's cooperation,
determines that your client has provided substantial
assistance, then this Office will file a departure
motion pursuant to Section 5K1.1 and 18 U.S.C. §
3553(e).

During the sentencing hearing, Mr. Henry argued that if the
only information the prosecutor had presented to the Departure
Committee was the one and a half page "Cooperation Proffer" it
had filed with the court, then it had not fulfilled its
obligation under the plea agreement to notify the Departure
Committee of the full extent and nature of Mr. Henry's
cooperation. 12/13/12:44; see Appx. 136. More specifically, the
government's proffer did not explain that the defendant in
Illinois who Mr. Henry had helped apprehend was not merely a
target, but was scheduled for trial, and would possibly plead
guilty. 12/13/12:45. If the Committee was not informed that Mr.
Henry's assistance had led to concrete results, and not simply
speculative possibilities of prosecution, its decision was flawed
and the government breached its obligations under the plea
agreement. In light of the decision of the Departure Committee
not to recommend a § 5K1.1 departure, Mr. Henry further asserted
that he was entitled to know the details of what the Committee
relied upon to make its decision. 12/13/12:46.

The district court erred by not finding a breach, and as a
consequence, failing to require the government to return to the

15

Departure Committee to present complete information about Mr.
Henry's cooperation.   The court compounded these errors by
alternatively failing to require the government to explain what
it had presented to the Departure Committee and why the Departure
Committee had denied Mr. Henry a substantial assistance motion.
Instead, the court ruled that even if a full accounting of Mr.
Henry's cooperation were to be provided to the Departure
Committee, it would not benefit Mr. Henry because he was denied a
§ 5K motion due to his untruthfulness - a reason the court ruled
was legitimate. 12/13/12:48.

     Implicit in this ruling was a finding that the government
had not provided complete information to the Departure Committee.
Once the court reached this conclusion, it was not a in a
position to rule that there was no breach.  By not inquiring
further, the court failed to explore whether the prosecutor had
informed the Departure Committee that the Illinois defendant was
on the verge of trial and possibly due to plead guilty - factors
that proved that Mr. Henry's assistance had been substantial, and
could have weighed in Mr. Henry's favor in deciding that despite
any untruthfulness by him, his cooperation warranted a § 5K
motion.   12/13/12:48-49.

     In United States v. Jones, 58 F.3d 688 (D.C. Cir. 1995),
this Court recognized the difficult task of proving the
government's bad faith in the context of a decision to file or

16

deny a § 5K1.1 motion.  As a consequence, the Court ruled that a
defendant should be informed as to why he has been denied a
§ 5K1.1 motion:

> [The defendant] does not allege that the Government
> acted in bad faith.  Because a defendant is not privy
> to the deliberations and actions of the U.S. Attorney's
> Office, however, a defendant will face enormous
> difficulty in supporting such a charge.  To ameliorate
> this problem and to provide both the trial judge and a
> reviewing court with information that might help them
> weigh an allegation of bad faith, we suggest that
> prosecutors who enter into agreements like the one
> before us, but subsequently fail to file a section
> 5K1.1 motion, summarize for the district court what
> information they provided the Departure Committee,
> while at the same time safeguarding information that
> could compromise an ongoing investigation or endanger
> the defendant or others, together with any explanation,
> similarly circumscribed, that the Committee may have
> offered for finding the defendant's assistance to be
> unsubstantial.

Jones, 58 F.3d at 692.  Mr. Henry sought no more here, yet the
district court did not require the government to provide an
explanation beyond its claim that Mr. Henry had previously been
untruthful.  In light of Mr. Henry's claim of breach, the
government's conclusory explanation required further examination,
particularly given (1) the significant assistance Mr. Henry had
provided; (2) that any alleged untruthfulness occurred before Mr.
Henry signed the plea agreement and formally started cooperating,
at which time the government was in a position to have verified
the accuracy of Mr. Henry's statements so as not to be later
surprised by facts in his criminal background that he had not
disclosed; and (3) Mr. Henry's untruthfulness had no negative

17

impact on the cooperation he provided that led to the
investigation, arrest, successful prosecution, and conviction of
one defendant and likely conviction of another.   Heeding this
Court's advice in Jones, the district court should have explored
the information the prosecutor provided to the Departure
Committee as well as the government's reasons for not filing a
§ 5K1.1 motion here.

     Notwithstanding the lack of record support for a finding
that the government did not breach the plea agreement, the record
actually provides a basis for the opposite conclusion – that
there was a breach of the plea agreement by government.   The
explicit terms of the plea agreement required that the prosecutor
provide an accounting of the "nature and extent" of Mr. Henry's
cooperation to the Departure Committee.   Appx. 19.   As with any
contract, the plea agreement included obligations of good faith
and fair dealing that required any such accounting to be accurate
and complete.   See United States v. Jones, 58 F.3d 688, 692 (D.C.
Cir. 1995) (plea agreement entitled defendant to "fair dealing,"
including departure committee's "honest and fully informed
evaluation" of defendant's cooperation); See United States v.
Doe, 934 F.2d 353, 361 (D.C. Cir. 1991) (holding that where
cooperation agreement was conditioned on government's
satisfaction with defendant's level of cooperation, court may
consider prosecutor's refusal to file a substantial assistance

18

motion to review good faith and fair dealing); United States v. Sparks, 20 F.3d 476, 479 (D.C. Cir. 1994) (noting government concession that non-performance of its contingent obligation in plea agreement is reviewable for bad faith).  The government's responsibility under the plea agreement included that the Departure Committee decision would be based on a complete evaluation of Mr. Henry's cooperation.  The record suggests that the Departure Committee did not consider the full nature and extent of Mr. Henry's cooperation, and does not otherwise reveal what information the Committee considered.  If this Court does not find that the government beached the plea agreement, it should remand for the district court to learn what information the prosecutor provided to the Departure Committee and to make a finding concerning Mr. Henry's allegations of bad faith in the first instance.

In Santobello v. New York, 404 U.S. 257 (1971), the defendant entered into a plea bargain in which the prosecution agreed to make no recommendation at sentencing.  At sentencing hearing, the prosecution recommended the maximum penalty. Finding that the state breached the plea agreement, the Supreme Court remanded for the lower court to decide whether the circumstances of the case required only that there be specific performance of the agreement on the guilty plea, or whether the petitioner be permitted to withdraw his plea of guilty.  Id. At

19

263.   The Court held that where a guilty plea rests in any
significant degree on a promise or agreement of the prosecutor,
so that it can be said to be part of inducement or consideration,
such promise must be fulfilled.   Id. at 262.   Here, Mr. Henry is
entitled to a remand for specific performance of the plea
agreement so that the government can inform the Departure
Committee of the full nature and extent of his cooperation.
While the Committee ultimately could decide that Mr. Henry's
cooperation does not overcome untruthfulness that occurred before
he pled guilty to again deny a § 5K1.1 motion, under the terms of
Mr. Henry's plea agreement, that is a decision the Committee must
make, and not the district court.

        Mr. Henry further recognizes that his plea agreement does
not guarantee him a § 5K1.1 motion, but only guarantees fair
dealing.   In addition to explicitly obliging the prosecutor to
present the Departure Committee with accurate information as to
the full nature and extent of his cooperation, the agreement
requires the Committee to consider that evidence and, if it
believes the assistance to be "substantial," to so find.   Appx.
19.   In other words, Mr. Henry is entitled to an honest and fully
informed evaluation by the Committee.   Cf. United States v.
Rexach, 896 F.2d at 713 ("where the explicit terms of a
cooperation agreement leave the acceptance of the defendant's
performance to the judgement of the prosecutor, the prosecutor

                                20

may reject the defendant's performance provided he or she is honestly dissatisfied.").

## CONCLUSION

For the foregoing reasons, counsel respectfully requests that the Court vacate Appellant's sentence and remand this case for the district court to order specific performance of the plea agreement by requiring the government to present to the Departure Committee the full nature and extent of Mr. Henry's cooperation, and if no § 5K1.1 motion is filed, to provide the reasons for why not, and to thereafter re-sentence Mr. Henry.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

TONY AXAM, JR.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.   20004
(202) 208-7500

21

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)(B)

I hereby certify that this brief contains 5,486 words in compliance with Fed. R. App. P. 32(a)(7)(B) and D.C. Cir. Rule 32(a)(2).

                              /s/
                         Tony Axam, Jr.
                         Assistant Federal Public Defender


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Opening Brief and accompanying Appendix, in United States v. Robert Henry, Cr. No. 12-3111, with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on this 26th day of July, 2013.

Elizabeth Trosman, Assistant United States Attorney, Chief of Appellate Division, who is a registered CM/ECF user at elizabeth.trosman@usdoj.gov, will be served by the appellate CM/ECF system.

                              /s/
                         Tony Axam, Jr.
                         Assistant Federal Public Defender


22